

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHRISTOPHER JOSEPH DAVID | CIVIL ACTION |
| VERSUS | NO. 05-1919 |
| LEBLANC & OWEN, L.L.C. ET AL. | SECTION "A" (2) |

## REPORT AND RECOMMENDATION

Plaintiff, Christopher Joseph David, is a prisoner currently incarcerated in the Winn Correctional Center in Winnfield, Louisiana.  He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against the private law firm of LeBlanc & Owen, L.L.C.; Jefferson Parish 24th Judicial District Court Judge Martha E. Sassone; the "District Attorney of Div. K;" Winn Correctional Center Warden Tim Wilkson and Louisiana Department of Corrections ("DOC") Secretary Richard L. Stalder.

David alleges that his guilty plea was involuntary and that actions taken by his counsel and the judge in connection with his state court criminal case resulted in his illegal conviction and sentence. Record Doc. No. 1, Complaint at ¶ IV and Attachments.

```
___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No. _____
```

In his first amendment to the complaint, plaintiff named as additional defendants the individual criminal defense attorneys who represented him and asserted that both of these attorneys, Michael K. LeBlanc and John Owen, "never put forth any effort to defend petitioner as trial attorneys are required as they told me they were before I hired them." Record Doc. No. 6 at pp. 1 and 3.

David seeks to have his "sentence overturned and vacated. . . . and for the return of the money these two attorney's (sic) didn't earn." Record Doc. No. 1, Complaint at ¶ V. In his amendment, plaintiff states that he is requesting the court to "grant this petitioner's civil action suit, and award monetary damages in a just amount for the injustice that has deprived [him] of his freedom and constitutional rights as required by law." Record Doc. No. 6 at p. 3.

Specifically, David alleges in his complaint that there "was no evidence" against him and that his co-defendant had written a "letter of guilt." Plaintiff further alleges that the two attorneys he hired for trial filed only one "motion to omibus (sic) [and] never question[ed] withnesses (sic) [or] investigated so-called stolen items." Plaintiff states that his attorneys told him to "either take the plea or they would sell me out. 'It was clear they would.'" Plaintiff further alleges that after the judge sentenced him and left the

2

courtroom, his attorneys "didn't object to [the] D.A. playing judge and mult[i-billing] me. Next day, [the] judge co-signed this . . . ." Id. at ¶ IV.

In an attachment to his complaint, David further alleges that the judge did not "mult[i-]bill petitioner as sworn to by state documents she signed by her hand. . . . Petitioner filed 4 times, to allow the district court to correct the matter 'all to no avail.'" Plaintiff states that on April 14, 2004, he was "force[d] by threats, and coerced into a plea. . . . Without a Judge presiding the State's district attorney mult[i-]billed petitioner, and [plaintiff's] paid attorney's question[ed] petitioner of past convictions. Their (sic) was no judge presiding, and no mult[iple] offender bill of information filed. While on transfer in Plaquemine[s] jail petitioner saw the guilty plea was 'altered' to re-read mult[i-]bill." Record Doc. No. 1, Attachment at p. 8 of Complaint.

David further alleges that at his parole revocation hearing in November 2003, the arresting officer stated that he did not see plaintiff "steal nor did the store tape's show petitioner steal, 'only co-defendant.' Items conficated (sic) from co-defendant's car was not seen taken, and some items [the] officer addmitted (sic) the store did not carry. Parole was never revoke[d] due to lack of evidence, and attorney's (sic) refused to investigate or subpoena [the] store's stock inventory as requested. Attorney's (sic) saw [a] letter of guilt written by co-defendant yet refused to obtain a formal affidavit from co-

defendant.  Petitioner['s] paid attorney's also never filed the proper motions an attorney is required to file in a criminal matter. . . . If attorney's would have investigated as required or filed the standard[] formal motions the District Court would have dismissed all charge[s]." Id.

David states that prior to hiring the law firm of LeBlanc and Owen, while represented by a court-appointed attorney in October 2003, "the judge called [his] name (3) different times asking if [he] took the plea.  On the [third] call [his] attorney advised the court [that] petitioner wanted trial.  The judge became out-raged and stated [that] he better take the plea, . . .  Then the D.A. stood up and said set him for trial. 'I will deal with him.[']  Petitioner had no chance of a fair hearing, or due process as required." David asserts that he "had over (10) trial dates all for plea deals.  Petitioner requested trial but attorney's (sic) never pushed trial, they only wanted a guilty plea.  Petitioner pushed his own motions but was denied a hearing. The State got their cont[inuances of] the day of trial, [and] when petitioner stated they could not get repetitive contuinces (sic) and tried to file motions to quash, paid counsel trash[ed] the motions. On April 14, 2004, both attorney's told petitioner this is it, today you will take the plea.  Once I stated trial both attorney's (sic) stated we will sell you out at trial and you will get 20 to life.  In a closed court petitioner was confused and force[d] to plead guilty." Id. at pp. 8-9.

4

Plaintiff states that he spoke to Warden Wilkson, sent letters to Warden Wilkson and Secretary Richard Stalder, filed grievances with the prison's Administrative Remedy Procedure ("ARP") and "show[ed] the double commitment forms that contradict each other, all to no avail." Plaintiff further states that, in addition to his release from the custody of the DOC, reimbursement by the law firm of LeBlanc & Owen "would also be just." Id. at p. 9.

In an additional attachment to his complaint entitled "Writ of Habeas Corpus Pursuant to LSA-C. Cr. P. Article 351," David states that he "went through proceedings in the 24th Judicial District Court, Parish of Jefferson, State of Louisiana, on April 14, 2004, for theft of goods +500, a violation of LSA-R.S. 14:67.10F. On the same day a multi-bill offender hearing was held and [he] was sentenced to a term of hard labor for eight (8) years." Record Doc. No. 1, Attachment at p. 17 of Complaint. Plaintiff prays that this court "will evaluate the circumstances of this case, . . . concerning counsel's performance, and reverse the previous judgment." Id. at p. 26.

## ANALYSIS

### I.    STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been

filed in forma pauperis.  28 U.S.C. § 1915A(a); <u>Martin v. Scott</u>, 156 F.3d 578, 579-80 (5th Cir. 1998).  Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim.  28 U.S.C. § 1915A(b)(1).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'"  <u>Moore v. McDonald</u>, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended).  A complaint is frivolous "if it lacks an arguable basis in law or fact." <u>Davis v. Scott</u>, 157 F.3d 1003, 1005 (5th Cir. 1998); <u>Reeves v. Collins</u>, 27 F.3d 174, 176 (5th Cir. 1994).  The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" <u>Macias v. Raul A. (Unknown), Badge No. 153</u>, 23 F.3d 94, 97 (5th Cir. 1994) (quoting <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" <u>Davis</u>, 157 F.3d at 1005 (quoting <u>McCormick v. Stalder</u>, 105 F.3d 1059, 1061 (5th Cir. 1997)).  "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff,

6

dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992). An in forma pauperis complaint which is legally frivolous, fails to state a claim or seeks monetary relief against a defendant who is immune from such relief may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2).

In this case, plaintiff's complaint may be dismissed either under 28 U.S.C. § 1915(e) as frivolous because it lacks an arguable basis in law or under Rule 12(b)(6) because it fails to state a cognizable Section 1983 claim under the broadest reading.[1] In addition, the habeas corpus aspects of plaintiff's claims must be dismissed without prejudice because plaintiff has not exhausted his state court remedies.

## II.    SECTION 1983 CLAIMS

### A.    JUDICIAL IMMUNITY

Plaintiff's claims against Judge Sassone are barred by judicial immunity. For more than one hundred years, judges have been held immune from liability for judicial acts done within their jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356 (1978) (citing Bradley v. Fisher, 80 U.S. 335 (1871)); Mays v. Sudderth, 97 F.3d 107, 110 (5th Cir. 1996). "A judge, of whatever status in the judicial hierarchy, is immune from suit for

---

[1]Pro se civil rights complaints must be broadly construed, Moore, 30 F.3d at 620, and I have broadly construed the complaint in this case.

damages resulting from any acts performed in [his or her] judicial role." Ammons v. Baldwin, 705 F.2d 1445, 1447 (5th Cir. 1983) (citations omitted); accord Mays, 97 F.3d at 110-11.   This judicial immunity applies even if a judge is accused of acting maliciously or corruptly.  Stump, 435 U.S. at 356-57; Pierson v. Ray, 386 U.S. 547, 554 (1967), overruled in part on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982), as recognized by Hill v. Shelander, 992 F.2d 714, 716 (7th Cir. 1993); Mays, 97 F.3d at 110-11. Judicial officers are absolutely immune from liability for damages unless they are without jurisdiction. Id. at 111; Dayse v. Schuldt, 894 F.2d 170, 172 (5th Cir. 1990); Freeze v. Griffith, 849 F.2d 172, 175 (5th Cir. 1988).

David's claims against Judge Sassone clearly arise from actions taken by the judge in connection with plaintiff's criminal proceedings in the Jefferson Parish 24th Judicial District Court, actions well within the judge's jurisdiction and clearly a function of her judicial role.  Therefore, these claims are based on a meritless legal theory, fail to state a claim upon which relief can be granted and are asserted against a defendant who is immune from the requested relief.  All claims against Judge Sassone must be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

8

B.   <u>PROSECUTORIAL IMMUNITY</u>

An assistant district attorney identified only as "District Attorney for Div. K" apparently has been named as a defendant based solely upon his actions as a prosecutor in connection with state court criminal proceedings against David.  To the extent that David asserts claims against this defendant in his individual capacity, he is immune from suit.

Courts employ a "functional" test to determine whether officials are entitled to absolute immunity, in which they look to the "nature of the function performed, not the identity of the actor who performed it."  <u>Forrester v. White</u>, 484 U.S. 219, 227-29 (1988); <u>Hulsey v. Owens</u>, 63 F.3d 354, 356 (5th Cir. 1995).  It is well established that prosecutors are immune from liability under Section 1983 for actions taken as an advocate in pursuit of a criminal prosecution.  <u>Cleavinger v. Saxner</u>, 474 U.S. 193, 200 (1985); <u>Spivey v. Robertson</u>, 197 F.3d 772, 775 (5th Cir. 1999); <u>Graves v. Hampton</u>, 1 F.3d 315, 318 (5th Cir. 1993), <u>abrogated in part on other grounds by</u> <u>Arvie v. Broussard</u>, 42 F.3d 249, 250 (5th Cir. 1994).  This immunity applies to a prosecutor's actions "in initiating prosecution and in carrying the case through the judicial process."  <u>Id.</u>; <u>accord</u> <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 270, 272 (1993).

Thus, "[a] prosecutor enjoys absolute immunity from personal liability for damages under section 1983 for actions 'initiating a prosecution and . . . presenting the State's case' and those 'intimately associated with the judicial phase of the criminal process.'" Esteves v. Brock, 106 F.3d 674, 676 (5th Cir. 1997) (quoting Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)). "A prosecutor's absolute immunity will not be stripped because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Kerr v. Lyford, 171 F.3d 330, 337 & n.10 (5th Cir. 1999) (quotations omitted) (citing Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); Butz v. Economou, 438 U.S. 478, 510 (1978)).

In the instant case, the actions of a prosecutor in the district attorney's office concerning criminal charges against David in Jefferson Parish form the exclusive basis of plaintiff's claims against him. The assistant district attorney's actions in initiating and pursuing the prosecution of David fall well within the ambit of the judicial phase of the criminal process for which prosecutors are immune from liability. Plaintiff has failed to allege any actions in which the assistant district attorney was functioning outside the scope of prosecutorial immunity. Therefore, all claims against the unnamed district attorney in his individual capacity must be dismissed.

C.    DEFENSE ATTORNEYS ARE NOT STATE ACTORS

Defendants, LeBlanc & Owen, L.L.C., Michael K. LeBlanc and John Owen, sued in this action under Section 1983, are all attorneys who allegedly represented plaintiff in his state court criminal proceedings. To be successful under Section 1983, a plaintiff must establish that defendants have acted under color of state law in violating his rights. See Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986). To state a claim under Section 1983, a plaintiff must show "(1) deprivation of a right, privilege or immunity secured by the federal laws or Constitution (2) by one acting under color of state law." Mississippi Women's Medical Clinic v. McMillan, 866 F.2d 788, 791 (5th Cir. 1989) (emphasis added); Morris v. Dearborne, 181 F.3d 657, 666 n.6 (5th Cir. 1999). Plaintiff must show that defendants' actions are "fairly attributable to the state." West v. Atkins, 487 U.S. 42, 49 (1988).

Under no circumstances can these particular defendants, all private attorneys who represented David in his criminal case, be considered state actors. See Polk County v. Dodson, 454 U.S. 312, 325 (1981); Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996); Mills v. Criminal District Court No. 3, 837 F.2d 677, 679 (5th Cir. 1988). Because these defendants are not state actors, plaintiff's Section 1983 claims as to these defendants have no basis in federal law and must be dismissed for failure to state a cognizable claim.

D.      HECK APPLICATION TO SECTION 1983 CLAIMS

Whether plaintiff seeks injunctive relief or damages, his claims must be dismissed at this time pursuant to Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that a civil action for alleged civil rights violations that attacks the validity of state confinement, which has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under Section 1983.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (emphasis in original) (footnote omitted).

Plaintiff's claims are clearly connected to the validity of his conviction and present confinement. Heck, 512 U.S. at 479; Hamilton v. Lyons, 74 F.3d 99, 103 (5th Cir. 1997); Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994). Among other things, he

challenges the validity of his guilty plea and multi-bill, certain actions by the trial judge

and prosecutor and the performance of his criminal defense counsel.

David's complaint indicates that he was convicted on April 14, 2004 and that, at

the time of filing this complaint, he was in custody in the Winn Correctional Center in

Winnfield, Louisiana.  Record Doc. No. 1, Complaint at p. 3.  His conviction has not

been set aside in any of the ways described in Heck.  Thus, any claims for damages or

other relief that plaintiff asserts attacking the manner of his conviction and continued

confinement are premature and must be dismissed.  As the Fifth Circuit has noted, the

dismissal of plaintiff's claims is with prejudice to their being asserted again until the

Heck conditions are met.  Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

III.    HABEAS CORPUS CLAIMS

As noted above, David's complaint in part challenges the very fact and duration

of his confinement.  Although his suit is styled as a civil rights action under 42 U.S.C.

§ 1983 and filed on a form normally reserved for Section 1983 complaints, he clearly

challenges the validity of his conviction and seeks his release. This Section 1983

complaint is not the proper action in which to assert these habeas corpus type claims.

A prisoner who challenges the very fact or duration of his physical confinement

and who seeks judgment that would entitle him to release must pursue habeas corpus

13

relief rather than civil rights relief under Section 1983. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Clarke v. Stalder, 121 F.3d 222, 226 (5th Cir.), reh'g en banc granted & opin. vacated, 133 F.3d 940 (5th Cir. 1997), rev'd in part on other grounds & opin. reinstated in relevant part, 154 F.3d 186, 187 (5th Cir. 1998) (en banc); Caldwell v. Line, 679 F.2d 494, 496 (5th Cir. 1982). Thus, although David filed his complaint on a form reserved for Section 1983 complaints, his claims invoke habeas corpus type relief because he challenges the fact of his conviction and confinement. Clarke, 121 F.3d at 226; Hernandez v. Spencer, 780 F.2d 504, 504 (5th Cir. 1986).

A fundamental prerequisite to federal habeas relief is the exhaustion of all claims in state court before requesting federal collateral relief. Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); Nobles v. Johnson, 127 F.3d 409, 419 (5th Cir. 1997). "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." Whitehead, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); Rose, 455 U.S. at 519-20).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." Id. (citing Picard v. Connor, 404 U.S. 270, 275-78 (1971)). "A federal court claim must be the 'substantial equivalent'

14

of one presented to the state courts if it is to satisfy the 'fairly presented' requirement. . . . This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." Id. (citing Picard, 404 U.S. at 275-78; Nobles, 127 F.3d at 420). A court may notice sua sponte the lack of exhaustion. McGee v. Estelle, 722 F.2d 1206, 1214 (5th Cir. 1984) (en banc).

In the present case, although David indicates on the first page of his complaint that he has not begun any other lawsuits in state or federal court dealing with the same facts involved in this action, Record Doc. No. 1, p.1, ¶ I (A), it appears from the attachments and amendments to his complaint that: (1) He has sought review in the prison's administrative remedy procedure concerning his alleged illegal sentence in the East Baton Rouge Parish 19th Judicial District Court, as required by La. Rev. Stat. Ann. § 15:1177 and §15:571.15. Record Doc. No. 1, Attachment at p. 12 of Complaint. (2) He filed in the state trial court a motion to vacate his allegedly illegal sentence on October 14, 2004, and an application for post-conviction relief on April 28, 2005, which were denied on October 25, 2004 and May 4, 2005, respectively. Id. at pp. 33-34 and 38 of Complaint. (3) He filed a notice of intent to seek writs concerning the trial court's October 25, 2004 denial of his motion to vacate illegal sentence. Id. at p. 48. (4) In response to his motion for copies of transcripts filed May 31, 2005, the state trial court

ordered on June 3, 2005 that he be provided with a copy of his <u>Boykin</u> guilty plea transcript. Record Doc. No. 10, Amendment, at p. 3.

Furthermore, research by staff of the undersigned magistrate judge with the clerk's offices of the 19th Judicial District Court, Louisiana Fifth Circuit Court of Appeal and the Louisiana Supreme Court confirms the following: (1) David's petition for judicial review of the prison's administrative remedy procedure, Docket No. 532496, filed on May 18, 2005 in the East Baton Rouge Parish 19th Judicial District Court, was dismissed for improper venue by notice of judgment entered on or about August 3, 2005, and no appeal has yet been filed. (2) Five writs filed by David in the Louisiana Fifth Circuit Court of Appeal since the date of his conviction have been denied.[2] (3) On May 6, 2005, the Louisiana Supreme Court denied David's application for supervisory and/or remedial writs.[3] However, another application for supervisory and/or remedial writs filed by David in the Louisiana Supreme Court on February 1, 2005, <u>State ex rel David v. State</u>, Docket No. 05-KH-289, remains pending as of the date of this report and recommendation.[4]

---

[2]Louisiana Fifth Circuit Court of Appeal Docket Nos. 04-K-500, denied 5/10/04; 05-KH-78, denied 1/24/05; 05-KH-337, denied 4/01/05; 05-KH-542, denied 5/24/05; and 05-KH-600, denied 6/14/05.

[3]<u>State ex rel David v. State</u>, 901 So. 2d 1088 (La. 2005); La. S. Ct. Docket No. 04-KH-1827, denied 5/06/05.

[4]A third application filed by David was granted solely for the purpose of transferring the petition to the Fifth Circuit Court of Appeal for its consideration; <u>State v. David</u>, 872 So. 2d 470 (La. 2004); La. S. Ct. Docket No. 04-KH-918, 4/30/04.

David does not allege and there is no proof that he has exhausted his state court remedies. Accordingly, plaintiff's claims seeking habeas corpus relief must be dismissed without prejudice to allow him to exhaust his state court appellate and post-conviction remedies as to all claims, through the Louisiana Supreme Court, before returning to this court with a properly filed habeas corpus petition.

## RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint asserting claims pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE**, either as legally frivolous, for failure to state a claim on which relief may be granted, or because it seeks monetary relief against an immune defendant under 28 U.S.C. § 1915(e)(2), or under Heck.

**IT IS FURTHER RECOMMENDED** that all habeas corpus claims asserted in the complaint be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal

17

conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

Houma, Louisiana, this _____ day of October, 2005.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

18

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHRISTOPHER JOSEPH DAVID                    CIVIL ACTION

VERSUS                                       NO. 05-1919

LEBLANC & OWEN, L.L.C. ET AL.                SECTION "A" (2)

## O R D E R

The court, having considered the complaint, the record, the applicable law, the

Report and Recommendation of the United States Magistrate Judge, and the failure of

plaintiff to file an objection to the Magistrate Judge's Report and Recommendation,

hereby approves the Report and Recommendation of the United States Magistrate Judge

and adopts it as its opinion in this matter.  Therefore,

**IT IS ORDERED** that plaintiff's complaint asserting claims pursuant to 42 U.S.C.

§ 1983 is hereby **DISMISSED WITH PREJUDICE** as legally frivolous and/or for

failure to state a claim under 28 U.S.C. § 1915(e)(2) or under <u>Heck v. Humphrey</u>, 512

U.S. 477 (1994), until such time as the <u>Heck</u> requirements are met.

**IT IS FURTHER ORDERED** that all habeas corpus claims asserted in the complaint be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

_____, Louisiana, this _____ day of _____, 2005.


_____
UNITED STATES DISTRICT JUDGE

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHRISTOPHER JOSEPH DAVID                          CIVIL ACTION

VERSUS                                            NO. 05-1919

LEBLANC & OWEN, L.L.C. ET AL.                     SECTION "A" (2)

### J U D G M E N T

The court, having approved the Report and Recommendation of the United States

Magistrate Judge and having adopted it as its opinion herein; accordingly,

**IT IS ORDERED, ADJUDGED, AND DECREED** that there be judgment in favor

of defendants, Leblanc & Owen, L.L.C., Martha E. Sassone, District Attorney of Div. K, Tim

Wilkson, Richard L. Stalder, Michael K. LeBlanc and John Owen, and against plaintiff,

Christopher Joseph David, dismissing plaintiff's complaint pursuant to 42 U.S.C. § 1983 with

prejudice and dismissing plaintiff's habeas corpus claims without prejudice.

_____, Louisiana, this _____ day of _____, 2005.


_____
UNITED STATES DISTRICT JUDGE